UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. LOPEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. CV 05-8071-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On November 14, 2005, Jason R. Lopez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for supplemental security income. On December 1, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 7, 2006, defendant filed an Answer to Complaint. On August 21, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On June 2, 2003, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 53-55). Plaintiff claimed that, beginning on October 30, 1993, knee impairments prevented him from working. (AR at 64). The Commissioner denied plaintiff's application for benefits initially and upon reconsideration. (AR at 37-42, 44-47). On November 3, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 48). On December 16, 2004, the ALJ conducted a hearing in Pasadena, California. (AR at 202-35). Plaintiff appeared at the hearing without counsel and testified. (AR at 206-22). Larry Gordon, a vocational expert, and Thomas Maxwell, M.D., also testified. (AR at 225-30, 222-25).

On February 23, 2005, the ALJ issued his decision denying benefits. (AR at 18-26). Therein, he concluded that plaintiff suffered from a severe impairment of osteoarthritis of bilateral knees with status post reconstruction surgeries and left elbow pain, but found that this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 25). While the ALJ determined that plaintiff could not perform his past relevant work, plaintiff maintained the residual functional capacity to perform the work of a final assembler, a charge account clerk, and a jewelry preparer. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On April 29, 2005, plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council. (AR at 12). Thereafter, the Appeals Council affirmed the ALJ's decision. (AR at 6-8).

**PLAINTIFF'S CONTENTION**

In the Joint Stipulation, plaintiff contends that the ALJ failed to properly consider the medical evidence.

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision under 42 U.S.C. § 405(g) to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.  The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the

Commissioner determines that the claimant is engaged in substantial gainful activity. <u>Bowen</u>, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. <u>Id.</u> at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. <u>Id.</u> at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Id.</u> If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. <u>Id.</u> If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. <u>Id.</u>

**B.    The ALJ's Consideration of the Medical Evidence**

Plaintiff claims that the ALJ erred in his assessment of plaintiff's residual functional capacity. Plaintiff contends that the ALJ erred in relying on the opinion of Thomas J. Maxwell, M.D., a medical expert, instead of the opinion of Herbert E. Johnson, M.D., a consultative examiner. Specifically, plaintiff notes that both Drs. Maxwell and Johnson opined that plaintiff must alternate positions every half hour, but disagree on the duration of the position change. Plaintiff contends that the ALJ failed to offer a legitimate reason for rejecting the duration of five to ten minutes as Dr. Johnson

opined, in contrast to a duration of one to two minutes, as Dr. Maxwell opined. (Joint Stip. at 5).

Generally, an ALJ should afford less weight to a non-examining physician's opinion than to an examining physician's opinion. See Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)("[T]he conclusion of a non-examining physician is entitled to less weight than the conclusion of an examining physician."). Standing alone, a non-examining physician's opinion cannot constitute substantial evidence to reject an examining physician's opinion. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996)("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.") (emphasis in original). In order to reject the testimony of an examining physician in favor of a non-examining physician, the ALJ must give specific, legitimate reasons that are supported by substantial evidence in the record. Id. (quoting Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)).

Here, the ALJ offered three grounds for adopting Dr. Maxwell's opinion over Dr. Johnson. Defendant argues that the ALJ gave a sufficient reason to support his adoption of Dr. Maxwell's opinion, namely that the record as a whole supported Dr. Maxwell's assessment. In the text of the decision, the ALJ also states that he adopted Dr. Maxwell's opinion because the physician had the opportunity to review all of the medical records and to observe plaintiff at the hearing. (AR at 21). As discussed below, the Court finds that the ALJ failed to give a specific and legitimate reason for adopting Dr. Maxwell's opinion.

///

### 1.  Supported by the Medical Evidence

The ALJ rejected the opinion of Dr. Johnson and instead adopted the assessment of the testifying medical expert, Dr. Maxwell, that plaintiff alternate between standing and sitting every thirty minutes for one to two minutes. (AR at 23, 226). On July 27, 2004, Dr. Johnson performed an Othropaedic Consultation of plaintiff and opined that plaintiff alternate between standing and sitting every thirty minutes for five to ten minutes. (AR at 194-98). Dr. Maxwell, however, rejected Dr. Johnson's assessment regarding the five to ten minute duration of the break, stating that the other physicians either did not address the restriction or opined that plaintiff could sit for six hours. (AR at 226). Dr. Maxwell further stated, "I think to me, my own opinion is that [five to ten minutes] is a little longer than I would allow. To me, it seems more reasonable for one to two minutes, as opposed to five to ten minutes." (Id.).

Other than Drs. Maxwell and Johnson, two other physicians rendered opinions with respect to plaintiff's residual functional capacity. On July 11, 2003, Zaven Bilezikjian, M.D., performed an Orthopaedic Consultation of plaintiff, whereby he diagnosed plaintiff with status post multiple right knee reconstructive surgeries for ligamentous injuries with posttraumatic degenerative changes; slight-to-moderate knee instability; and left knee postoperative reconstructive surgery with patellofemoral crepitation and early arthritic changes. (AR at 139). Dr. Bilezikjian did not render an assessment with respect to alternating positions, although he did opine, "Walking and standing are limited to 4 hours per day with frequent rest periods." (Id.). On July 31, 2003, Sadda Reday, M.D., a State Agency physician, completed a residual functional capacity

6

assessment of plaintiff and opined that plaintiff could stand and/or walk with normal breaks for a total of at least two hours in an eight-hour workday and sit with normal breaks for about six hours in an eight-hour workday.  (AR at 141-48).  While the record contains treating notes, no treating physician opined as to plaintiff's residual functional capacity or need to alternate between standing and sitting.  (AR at 108-135, 152-93).

Medical records neither confirm nor contradict Dr. Johnson's opinion with respect to his restriction that plaintiff alternate positions every thirty minutes for a duration of five to ten minutes. Contrary to Dr. Maxwell's statement that "everything else just says sit for six hours, only Dr. Reday, another non-examining physician, made such an assessment.  While Dr. Bilezikjian, an examining physician, did not assess limitations with respect to alternating positions, his assessment that plaintiff could walk or stand for four hours "with frequent rest periods" appears to be more similar to the assessments of Drs. Maxwell and Johnson that plaintiff must alternate positions.  (AR at 139).  Given both Drs. Maxwell and Reday are non-examining physicians, their opinions should be given less weight than the opinions of Drs. Bilezikjian and Johnson.  (AR at 139)

The rejection of an examining physician's opinion may be based in part on the testimony of a nontreating, non-examining medical advisor, when consistent with other independent evidence in the record.  Morgan v. Apfel, 169 F.3d 595,602 (9th Cir. 1999).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)(internal quotations omitted).  Here, the ALJ's reason for

rejecting Dr. Johnson's restrictive assessment in favor of Dr. Maxwell's assessment lacks specificity and is not supported by independent evidence in the medical record.  Thus, the ALJ erred in failing to provide a sufficiently specific and legitimate reason to reject Dr. Johnson's opinion in favor of Dr. Maxwell, a non-examining physician.

**2.   Opportunity to Review All the Medical Records**

The ALJ gives greater weight to Dr. Maxwell's opinion than to Dr. Johnson's opinion, in part, because Dr. Maxwell had the opportunity to review all of plaintiff's medical records.  (AR at 21).  Dr. Johnson not only examined plaintiff, but also reviewed plaintiff's emergency room record dated July 6, 2003, Orthopedic Consultation from Dr. Bilezikjian, and two histories and examinations dated February of 1992 and December of 1989.  (AR at 194).  While Dr. Johnson did not view all of plaintiff's medical records, he did view a substantial portion of the record.  The remainder of plaintiff's medical records either do not render assessments with respect to his knees or primarily deal with plaintiff's treating sources' attempts to secure him a leg brace. (AR at 116-135, 152-93).  As such, the Court is not persuaded that the ALJ properly gave the most weight to Dr. Maxwell's assessment based on his review of plaintiff's entire medical record.  The ALJ, moreover, does not specifically state why the medical records do not support a restriction that plaintiff should alternate standing and sitting every thirty minutes for a duration of five to ten minutes.  Indeed, the ALJ fails to articulate what, if anything, in the medical records supports his decision to give more weight to Dr. Maxwell's opinion than Dr. Johnson's opinion. An ALJ is required to give specific and legitimate reasons supported by substantial evidence in the record for favoring

the opinion of a nonexamining physician over an examining physician. Lester, 81 F.3d at 831. Here, the fact that Dr. Maxwell's opinion was based, in part, on his review of all the medical records is not a sufficiently specific and legitimate reason to reject the opinion of Dr. Johnson.

### 3. Opportunity to Observe Plaintiff at the Hearing

Finally, the ALJ gave the greatest weight to Dr. Maxwell's opinion, in part, because Dr. Maxwell had the opportunity "to observe the claimant at the hearing." (AR at 21). The Court rejects this ground on the basis that both of the consultative examiners also had the opportunity to observe plaintiff. Additionally, the consultative examiners also had the opportunity to specifically examine plaintiff's knee impairments. As such, the fact that Dr. Maxwell had the opportunity to observe plaintiff at the hearing does not constitute a specific and legitimate reason for giving his assessment greater weight.

### C. Remand Is Required to Remedy Defects in the ALJ's Decision

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see

Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ must give a specific and legitimate reason supported by substantial evidence in the record for giving Dr. Maxwell's opinion more weight than the opinions of the consultative examiners.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: November 27, 2006

    /S/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE